UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAYMOND CHENG-KOK LIM, | ) | 1:07-cv-01053-AWI-GSA-PC |
| Plaintiff, | ) ) | FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION |
| vs. | ) ) | TO DISMISS COMPLAINT (Doc. 5) |
| A. PROULX, et al., | ) ) | OBJECTIONS, IF ANY, DUE IN |
| Defendants. | ) ) | TWELVE DAYS |
| | ) | |

**I.    MOTION TO DISMISS COMPLAINT**

**A.    RELEVANT PROCEDURAL HISTORY**

Plaintiff, Raymond Cheng-Kok Lim ("plaintiff") is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the original complaint on October 2, 2006, at the United States District Court for the Central District of California. (Central District Docket ("CDD") Doc. 4.) On October 10, 2006, the court screened the complaint and dismissed it for failure to state a claim, with leave to amend. (CDD Doc. 6.) On November 30, 2006, plaintiff filed the first amended complaint. (CDD Doc. 9.) On December 7, 2006, the court screened the first amended complaint and dismissed it for failure to state a claim, with leave to amend. (CDD Doc. 10.) On January 5, 2007, plaintiff filed a second amended complaint. (CDD Doc. 14; Eastern District Docket ("EDD") Doc. 3.) On January 10, 2007, the court found that the second amended complaint stated cognizable

1

claims and ordered the United States Marshal to serve process on defendants. (CDD Docs. 15, 16.) On April 2, 2007, defendants A. Proulx and Johnson ("defendants") filed a motion to dismiss the complaint under Rule 12(b)(6) for failure to state a claim. (CDD Doc. 23; EDD Doc. 5.) Plaintiff filed an opposition to the motion on June 4, 2007. (CDD Doc. 28.) Defendants filed a reply to plaintiff's opposition on June 15, 2007. (CDD Doc. 29.) On July 18, 2007, the Central District court transferred plaintiff's action to the United States District Court for the Eastern District of California, (CDD Doc. 31.), and the case was received by the Eastern District on July 23, 2007. (EDD Doc. 1.)

### B.    LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claim or claims stated in the complaint. "The focus of any Rule 12(b)(6) dismissal . . . is the complaint." Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). The federal system is one of notice pleading. Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which apply to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.

A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. Discovery and summary judgment motions - not motions to dismiss - "define disputed facts" and "dispose of unmeritorious claims." Id. at 512. "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." Jackson v. Carey, 353 F.3d 750, 755 (9th

2

Cir. 2003) (*quoting* Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (*quoting* Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (*citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

### C. SUMMARY OF SECOND AMENDED COMPLAINT

This action now proceeds on the second amended complaint ("SAC"), filed January 5, 2007. (CDD Doc. 4; EDD Doc. 3.) Plaintiff is currently incarcerated at Kern Valley State Prison in Delano, California. Plaintiff's second amended complaint concerns his treatment while confined at Corcoran State Prison ("CSP") in Corcoran, California, on September 1, 2005. (SAC at 2.) Plaintiff names as defendants A. Proulx and Johnson, both correctional officers at CSP at the time of the events at issue. (SAC at 3.) Plaintiff sues defendants in both their individual and official capacities, for violation of his civil rights under the First, Eighth, and Fourteenth Amendments. Id.

Plaintiff alleges that the events at issue occurred on September 1, 2005, at approximately 9:30 p.m., in front of building 3OA4 at CSP. (SAC at 5.) Plaintiff alleges that both defendants physically assaulted him using unnecessary force. Id. Plaintiff alleges that defendant Proulx shoved him aggressively against a wall, then leaned him back in a strangling position with both of his hands gripping tight onto plaintiff's jumpsuit, with his right leg leaning against the back of plaintiff's left leg. Id. Plaintiff further alleges that defendant Proulx positioned him in an awkward leaned-back stance facing the sky, causing him to be completely out of balance, as if falling back with only the support of defendant's hands. Id. Plaintiff alleges that one of the officers removed plaintiff's glasses, and then defendant Johnson, positioned behind plaintiff and wearing black leather gloves, placed one of his hands on plaintiff's face and the other hand on the back of plaintiff's head. Id. Plaintiff alleges that defendant Johnson gripped plaintiff's face and dug tight into his face, up his nose, his mouth, the side of his cheeks, and the corner of his eyes, as if "trying to remove a mask." Id. Plaintiff alleges that shortly

3

afterward, defendant Proulx shoved him against the right side of the front entrance door. Id.  Plaintiff notes that he was in handcuffs during this ordeal. Id.  Plaintiff alleges he suffered physical, mental and emotional pain as a result of defendants' conduct. Id.

Plaintiff also alleges that during the assault, defendant Johnson stated angrily in a threatening tone, "Shut up!  Are you trying to tell me that my fellow officers are lying to me?  I'll teach you to put hands on my people!  If you think this is bad, it's nothing!   If you ever tell anyone about this, you'll be eating concrete."  (SAC at 5a.)[1]

Plaintiff also alleges that during the assault, right after defendant Johnson threatened him, defendant Proulx also threatened him in the same manner by stating, "You won't be needing your 114-D Lock-Up Order," referring to an Administrative Segregation Unit Placement Notice CDC form 114-D, and then defendant Proulx threw the form away so that plaintiff would not have proof he belonged in the General Population. (SAC at 5b.)  Plaintiff alleges that defendant Proulx also stated that plaintiff was on their "shit list" already and "won't have anything coming" his way.  Id.  Plaintiff alleges that defendant Proulx then added that he would lie to every inmate in that building (Bldg. 3AO4) by telling them that plaintiff is a P.C. (someone in protective custody), which would cause plaintiff's life to be in danger from other inmates in the General Population. Id.  Plaintiff alleges that defendant Proulx also stated that "they will read every single [piece of] mail that goes out," attempting to scare plaintiff out of telling anyone about the incident. Id.

Plaintiff seeks as relief a declaratory judgment acknowledging that defendants have violated his constitutional rights, and injunctive relief ordering defendants to apologize to plaintiff and attend anger management classes. (SAC at 6.)

**D.     DISCUSSION**

  **1.     <u>Eleventh Amendment Immunity</u>**

Defendants argue that under the Eleventh Amendment, both defendants should be dismissed to the extent they are sued in their official capacities.

---

[1] Plaintiff's second amended complaint contains two pages after page 4 that are not numbered.  For ease of reference, the court will refer to these pages as 5a and 5b, respectively.

4

The Eleventh Amendment bars damages actions against state officials in their official capacity. See Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997); Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1996); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacity. See Hafer v. Melo, 502 U.S. 21, 30 (1991); Ashker v. California Dep't of Corrections, 112 F.3d 392, 394 (9th Cir.), cert. denied, 118 S. Ct. 168 (1997); Pena, 976 F.2d at 472. "Personal-capacity suits seek to impose personal liability upon a government official for actions [the official] takes under color of state law. See Kentucky v. Graham, 473 U.S. 159, 165 (1988). Where plaintiff is seeking damages against a state official, such as in the instant action, this "necessarily implies" a personal-capacity suit because an official-capacity suit would be barred. See Cerrato v. San Francisco Community College Dist., 26 F.3d 968, 973 n.16 (9th Cir. 1994); Shoshone-Bannock Tribes v. Fish & Game Comm'n, 42 F.3d 1278, 1284 (9th Cir. 1994); Price v. Akaka, 928 F.2d 824, 828 (9th Cir. 1991).

In the second amended complaint, plaintiff sues defendants both in their individual and official capacities, for violation of his civil rights under the First, Eighth, and Fourteenth Amendments. Plaintiff's allegations against defendants to the extent they are sued in their official capacities are barred by the Eleventh Amendment, because defendants are both state officials. Therefore, the court should grant defendant's motion to dismiss the allegations against them to the extent they are sued in their official capacities.

### 2. Eighth Amendment Excessive Force

Defendants argue that plaintiff fails to state an excessive force claim because he fails to allege injuries above a de minimus level or force used in a malicious and sadistic manner for the sole purpose of causing harm.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of

5

decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimus uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

It appears to the court that plaintiff's allegations may be sufficient to state a claim for excessive force under the Eighth Amendment. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that *could be proved* consistent with the allegations. Swierkiewicz, 534 U.S. at 512 (emphasis added). "Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need not give an elaborate recitation of every fact he may ultimately rely upon at trial, but only a statement sufficient to "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Swierkiewicz , 534 U.S. at 511-12 (*quoting* Conley, 355 U.S. at 47). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. ----, ----, 127 S.Ct. 2197, 2200 (2007) (*quoting* Bell Atlantic Corp v. Twombly, 550 U.S. ----, ----, 127 S. Ct. 1955 (2007) (slip op. at 7-8). Plaintiff's claim

and the grounds upon which it rests are clear.  Plaintiff alleges that defendants assaulted him with unnecessary use of force; that defendant Proulx shoved him aggressively against a wall; that defendant Johnson gripped and dug into his face "[a]s if [] trying to remove a mask;" and that he suffered physical, mental and emotional pain." (SAC at 5.)   In plaintiff's opposition to the motion to compel, he alleges that his arm was bruised as a result of defendant's conduct. (Opp. at 3 ¶8.)  Defendants argue that plaintiff fails to allege injuries above a de minimus level because he "suffered, at most, a bruise on his arm that disappeared before he sought medical treatment." (Reply to Opp. at 6 ¶2:14-16.)   However, because the absence of serious injury does not end an Eighth Amendment inquiry, this argument fails.

Based on the foregoing, the court should deny defendants' motion to dismiss the Eighth Amendment excessive force claim.[2]

### 3. Harassment

Defendants argue that plaintiff's harassment claim fails to state a claim under 42 U.S.C. § 1983. Verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).  Plaintiff did not specifically articulate a claim for harassment in the second amended complaint, and he did not address defendants' harassment claim argument in his opposition to the motion to dismiss.  The court concludes from these facts that plaintiff did not intend to bring a claim for harassment.  Based on this conclusion, the court should disregard defendants' argument concerning the harassment claim.

### 4. First Amendment Speech

Defendants argue that plaintiff's allegations do not state a claim under the First Amendment because plaintiff fails to show that his speech was "chilled."

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985);

---

[2] However, due to the court's recommendation on page 13 of the instant order that plaintiff's complaint must be dismissed in its entirety due to lack of subject matter jurisdiction, the interim recommendation as to plaintiff's excessive force claim shall not be considered by the District Court.

7

see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).  An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support claim under section 1983.  Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

Adverse action is action that "would chill a person of ordinary firmness" from engaging in that activity.  Pinard v. Clatskanie School Dist., 467 F.3d 755, 770 (9th Cir. 2006); White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000).  Both litigation in court and filing inmate grievances are protected activities and it is impermissible for prison officials to retaliate against inmates for engaging in these activities. However, not every allegedly adverse action will be sufficient to support a claim under section 1983 for retaliation.  In the prison context, cases in this Circuit addressing First Amendment retaliation claims involve situations where the action taken by the defendant was clearly adverse to the plaintiff.  Rhodes, 408 F.3d at 568 (arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault in retaliation for filing grievances); Austin, 367 F.3d at 1171 (retaliatory placement in administrative segregation for filing grievances); Bruce, 351 F.3d at 1288 (retaliatory validation as a gang member for filing grievances); Hines v. Gomez, 108 F.3d 265, 267(9th Cir. 1997) (retaliatory issuance of false rules violation and subsequent finding of guilt); Pratt, 65 F.3d at 806 (retaliatory prison transfer and double-cell status); Valandingham, 866 F.2d at 1138 (inmate labeled a snitch and approached by other inmates and threatened with harm as a result); Rizzo, 778 F.2d at 530-32 (retaliatory reassignment out of vocational class and transfer to a different prison).

Defendants argue that plaintiff fails to make any claim that defendants' conduct prevented or chilled protected speech, shown by the fact that plaintiff filed a grievance only ten days after the incident alleged to have occurred on September 1, 2005, and filed the instant civil action. (Mem. of P&A at 11 ¶ 2.)  Plaintiff has not submitted any opposition to this argument.  In fact, plaintiff admits filing an

8

1  administrative appeal concerning the September 1, 2005 events (Opp. at 1-2 ¶3.), and the instant action,
2  which was commenced on October 2, 2006, is based on the events of September 1, 2005.   Therefore,
3  the court should grant defendants' motion to dismiss the First Amendment claim.

4  **5.  Equal Protection**

5  Defendants argue that plaintiff fails to state facts in support of his Equal Protection claim and
6  that plaintiff's bare conclusion that defendant Proulx violated plaintiff's Equal Protection is insufficient.
7  The Equal Protection Clause requires that persons who are similarly situated be treated alike.
8  City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985).  An equal protection claim
9  may be established in two ways.   First, a plaintiff establishes an equal protection claim by showing that
10 the defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected
11 class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001).  Under this theory of equal
12 protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's
13 membership in a suspect class, such as race.   Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th
14 Cir. 2005).   Second, if the action in question does not involve a suspect classification, a plaintiff may
15 establish an equal protection claim by showing that similarly situated individuals were intentionally
16 treated differently without a rational relationship to a legitimate state purpose.  Village of Willowbrook
17 v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972);
18 Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver Mar. Fin.
19 Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under
20 this theory, a plaintiff must allege that:  (1) the plaintiff is a member of an identifiable class; (2) the
21 plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational
22 basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.   If an equal protection
23 claim is based upon the defendant's selective enforcement of a valid law or rule, a plaintiff must show
24 that the selective enforcement is based upon an "impermissible motive." Squaw Valley, 375 F.3d at 944;
25 Freeman v. City of Santa Ana, 68 F.3d 1180, 1187 (9th Cir.1995).

26 Defendants argue that plaintiff fails to allege sufficient facts to state an Equal Protection claim.
27 Plaintiff responds that he stated sufficient facts to support an Equal Protection claim in Claim 3 of the
28

9

second amended complaint. (Opp. at 5 ¶ 13.) In Claim 3 of the second amended complaint, plaintiff alleges that he was deprived of Equal Protection when defendant Proulx threatened him and threw away the CDC 114-D form. The court finds these facts insufficient to support an Equal Protection claim. Therefore, the court should grant defendants' motion to dismiss plaintiff's Equal Protection claim.

### 6.    Due Process

Defendants argue that plaintiff fails to state any facts in support of his Due Process claim, and that no protected liberty or property interest is at issue.

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Wilkinson v. Austin, 125 S.Ct. 2384, 2393 (2005). The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Id.; Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Such interests are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

Defendants argue that plaintiff fails to state a Due Process claim because no protected liberty or property interest is at issue. (Mem. P&A at 12 ¶3.) Plaintiff responds that he was deprived of life and liberty when plaintiffs threatened him, and he was deprived of property when his CDC 14-D form was thrown away. (Opp. at 5 ¶ 14:27-28.) As for plaintiff's allegation that he was deprived of liberty, plaintiff claims that defendants threats suppressed his freedom of speech. However, as discussed in the court's above discussion of plaintiff's freedom of speech claim, defendants' conduct did not deter plaintiff from filing a prison grievance and the instant action. Therefore, the court finds that plaintiff has not shown that a protected life or liberty interest is at issue.

///

10

As for the deprivation of the CDC 14-D form, the Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff, 418 U.S. at 556, and prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, the provision for certain procedural protections under state law does not work to enlarge plaintiff's rights under federal law. See Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997). Thus, plaintiff's allegations concerning defendants' failure to follow the proper policies and procedures concerning his personal property do not support a claim for relief under section 1983. Further, plaintiff has state law remedies available to him with respect to the property deprivation, and as a result, his claim does not constitute a violation of the procedural requirement of the Due Process Clause of the Fourteenth Amendment. Hudson v. Palmer, 468 U.S. 517, 530-34 (1984); Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994).

Based on the foregoing, the court finds that plaintiff has not alleged facts to support a claim that his rights to Due Process were violated. Therefore, defendant's motion to dismiss plaintiff's Due Process claim should be granted.

### 7.     Request for Only Declaratory and Injunctive Relief

In their reply to plaintiff's opposition to the motion to dismiss, defendants raised a new argument that this action should be dismissed as moot because plaintiff seeks only declaratory and injunctive relief and is no longer incarcerated where the alleged harm occurred. (CDD Doc. 29 at 4.) Under most circumstances, defendants are not permitted to raise new arguments in their reply to plaintiff's opposition to defendants' motion to dismiss because under federal rules, plaintiff would not have the opportunity to respond without leave of court. See Local Rule 78-230(c), (d) (provides for a motion, an opposition, and a reply); see also Fed. R. Civ. Pro. 7(a) (a surreply is not a recognized pleading within the meaning of Rule 7(a)). However, "[F]ederal courts are required *sua sponte* to examine jurisdictional issues. . ." Bernhardt v. County of Los Angeles, 279 F.3d 862, 868 (9th Cir. 2002); see also Fed. R. Civ. Pro. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.") Therefore, the court shall proceed to address defendants' new argument.

///

A federal court has no authority to issue opinions upon moot issues. See County of Los Angeles v. Davis, 440 U.S. 625 (1979); Aguirre v. S.S. Sohio Intrepid, 801 F.2d 1185 (9th Cir. 1986). When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. See Weinstein v. Bradford, 423 U.S. 147, 148-49 (1975) (finding prisoner's due process claim to be moot once he obtained a full release from prison supervision); Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995) (finding prisoner's suit for library access to be moot upon his transfer to another prison); Chronicle Publishing Co. v. Rison, 962 F.2d 959, 960 (9th Cir. 1992) (finding a prisoner's suit challenging prison's publication regulations to be moot upon prisoner's release on parole). An exception to the mootness doctrine exists if the case is "capable of repetition, yet evading review." Weinstein, 423 U.S. at 148.

The events at issue in this action allegedly occurred at CSP, when plaintiff was incarcerated there. Plaintiff seeks as relief a declaratory judgment acknowledging that defendants have violated his constitutional rights, and injunctive relief ordering defendants to attend anger management classes and apologize to plaintiff. (SAC at 6.) Plaintiff is currently incarcerated at Kern Valley State Prison in Delano, California. (See Court Docket.) Because plaintiff only seeks injunctive and declaratory relief concerning events which allegedly occurred at CSP, his claims for such relief became moot when he was transferred from CSP to another correctional facility. The court finds no indication in plaintiff's complaint that he will be subjected to the same situation again. Therefore, the court finds that plaintiff's case is moot and must be dismissed in its entirety due to lack of subject matter jurisdiction. Based on the foregoing, the court should grant defendants' motion to dismiss plaintiff's complaint in its entirety.

### 8. Qualified Immunity

Defendants claim they are entitled to qualified immunity. In light of the fact that the court recommends dismissal of plaintiff's action in its entirety due to lack of subject matter jurisdiction, the court shall not address the qualified immunity issue.

### E. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the court finds that plaintiff's complaint lacks subject matter jurisdiction. Further, the court finds that the deficiencies outlined above are not capable of being cured by

amendment, and therefore leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); <u>Noll v. Carlson</u>, 809 F. 2d 1446, 1448-49 (9th Cir. 1987). Accordingly, the court RECOMMENDS that defendants' motion to dismiss the complaint, filed on April 2, 2007, be GRANTED and this action be DISMISSED in its entirety, without prejudice.

It is HEREBY ORDERED that these Findings and Recommendations be submitted to the United States District Court Judge assigned to the case pursuant to the provision of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within TWELVE (12) days after being served with a copy of these Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

The parties are advised that failure to file objections within the specified time may waive the right to appeal the order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 12, 2008**               **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE

13