IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND CHENG-KOK LIM,<br><br>          Plaintiff,<br><br>     vs.<br><br>A. PROULX, et al.,<br><br>          Defendants.<br>_____/ | 1:07-cv-01053-AWI-GSA-PC<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATION<br>(Doc. 12.)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DISMISSING THE COMPLAINT<br>(Doc. 5.)<br><br>ORDER GRANTING LEAVE TO AMEND FOR LIMITED PURPOSE<br><br>ORDER REFERRING ACTION BACK TO MAGISTRATE FOR FURTHER PROCEEDINGS<br><br>THIRTY DAY DEADLINE TO FILE THIRD AMENDED COMPLAINT |

      Raymond Cheng-Kok Lim ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the original complaint on October 6, 2006. (Doc. 1 at 81-88.) This action now proceeds on the second amended complaint filed January 5, 2007. (Doc. 3.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

      On March 13, 2008, findings and recommendations were entered, recommending that defendants' motion to dismiss be granted and this action be dismissed as moot due to plaintiff's transfer from Corcoran State Prison, where the events at issue allegedly occurred, which caused the court to lack jurisdiction over plaintiff's claims for declaratory and injunctive relief. (Doc. 12.)

1

Plaintiff was provided an opportunity to file objections to the findings and recommendations within twelve days. Plaintiff sought and was granted an extension of time to file objections. (Docs. 13, 14.) On April 15, 2008, plaintiff filed objections. (Doc. 15.) Defendants have not replied to plaintiff's objections.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 73-305, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds that portions of the findings and recommendation are supported by the record and by proper analysis. However, in light of Rule 15(a) which liberally allows amendment of the complaint when justice so requires, the court declines to adopt the findings and recommendation in their entirety.

**A.  Eighth Amendment Claim**

The Magistrate found that the deficiencies in the second amended complaint were not capable of being cured by amendment, and therefore leave to amend should not be granted. The Court agrees that plaintiff cannot change the fact that he was transferred from Corcoran State Prison, which caused the court to lack jurisdiction over his action for declaratory and injunctive relief. However, plaintiff argues that he states viable claims and should be granted leave to amend his prayer for relief to add a claim for damages. Plaintiff vehemently objects to the recommendation to dismiss this action as moot and argues that the case should not be dismissed simply because he was transferred from one prison to another.

The Court notes that defendants' argument against jurisdiction was not raised until after plaintiff had responded to the motion to dismiss, effectively preventing plaintiff from opposing the argument before the court prepared to issue a ruling.[1] Although the court has the authority to dismiss a complaint sua sponte for lack of jurisdiction, plaintiff's argument that his case should not be dismissed simply because of an involuntary transfer has merit. The fact that plaintiff was transferred to another facility does not diminish the gravity of his allegations that he was assaulted by

---

[1] See Defendants' Reply to Plaintiff's Opposition at p. 4-5. (Court Doc. 1 at 13-14.)

2

defendants using excessive force and is entitled to relief.

Some courts have found that the prayer for relief is not part of the cause of action and the parties are entitled to such relief as the pleadings make out. Johnson v. Granquist, 191 F.Supp 591, 592 (D.C. Oregon, 1961), citing Daniels v. Thomas, 225 F.2d 795 (10th Cir. 1955), certiorari denied 350 U.S. 932, rehearing denied 350 U.S. 977; Kansas City, St. L. & C. R. Co. v. Alton R. Co., 124 F.2d 780 (7th Cir. 1941); Keiser v. Walsh, 73 App.D.C. 167, 118 F.2d 13 (1941). The Fifth Circuit held that a complaint is sufficient if it sets forth facts which show that the plaintiff is entitled to any relief which the court can grant, even if the party has not demanded such relief in his pleadings. Laird v. Integrated Resources, Inc., 897 F.2d 826, 842 (5th Cir. 1990), quoting Hawkins v. Frick-Reid Supply Corp., 154 F.2d 88, 89 (5th Cir. 1946).

Under Rule 54 of the Federal Rules of Civil Procedure, a final judgment, other than a default judgment, should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings. Fed. R. Civ. P. 54(c). The Supreme Court has held that as long as the court can grant any effective relief, it does not matter that the relief originally sought is unavailable due to changed circumstances. Church of Scientology of Calif. V. United States, 506 U.S. 9, 12-13 (1992). Therefore, even though plaintiff did not request damages in this action, the court would be required to award damages at final judgment if plaintiff is entitled to damages.

Moreover, it is well settled that "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). It is also well settled that "[L]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002). The Ninth Circuit held that "Pleadings need suffice only to put the opposing party on notice of the claim . . . ." See Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) (*quoting* Fontana v. Haskin, 262 F.3d 871, 877 (9th Cir. 2001)).

The Court recognizes that plaintiff has been given ample opportunity to amend the complaint to clarify his claims. To date in this action, plaintiff has prepared and filed two amended complaints.[2] The Magistrate found that plaintiff's allegations in the second amended complaint may be sufficient to state a claim for excessive force under the Eighth Amendment. No other claims were found cognizable. Disregarding jurisdictional issue, the Magistrate found that plaintiff was entitled to proceed with the excessive force claim against defendants A. Proulx and Johnson in their individual capacities. Based on these findings, the Court shall allow plaintiff to proceed with his excessive force claim. Plaintiff shall be given an opportunity to resolve the jurisdictional issue by including a request for damages in his prayer for relief. To this end, plaintiff shall be granted leave to amend the complaint for the limited purpose of amending his prayer for relief to include a request for damages. Plaintiff is advised that the Third Amended Complaint may only include a restatement of plaintiff's excessive force allegations against defendants A. Proulx and Johnson and an amended prayer for relief.

**B. Retaliation**

The Court finds that Plaintiff should also be given leave to amend his retaliation claim. There are five elements to a retaliation claim: (1) a state actor took some adverse action against a prisoner; (2) because (3) the prisoner engaged in protected conduct; (4) resulting in the chilling of plaintiff's First Amendment rights; and (5) the action did not reasonably advance a legitimate penological goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir.2003). Defendants argued, and the Magistrate Judge found, that Plaintiff had not been chilled by Defendants' actions because he had filed an administrative grievance. However, a prisoner is not required to demonstrate a total chilling of his First Amendment rights in order to establish a retaliation claim. Id. at 568-69. The retaliation need not have been so effective at curbing a prisoner's First Amendment rights that he was silenced. It is enough that a reasonable person would be

---

[2] The original complaint was filed on October 6, 2006. The court screened the original complaint on October 10, 2006 and dismissed it for failure to state a claim, with leave to amend. Plaintiff filed the first amended complaint on November 30, 2006. The court screened the first amended complaint on December 7, 2006 and dismissed it for failure to state a claim, with leave to amend. On January 5, 2007, plaintiff filed the second amended complaint.

discouraged or reasonably apprehensive about future speech.  See id. at 569 (destruction of inmate's property and assaults on the inmate enough to chill First Amendment rights and state retaliation claim, even if inmate filed grievances and a lawsuit).   Thus, the Court finds that Plaintiff should be given leave to amend his retaliation claim to allege how a reasonable person would have been discouraged or reasonably apprehensive about future speech based on Defendants' conduct.

**C.   Order**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Court adopts in part and declines to adopt in part the Findings and Recommendation issued by the Magistrate Judge on March 13, 2008;
2. Defendants' motion to dismiss is GRANTED;
3. The complaint is DISMISSED;
4. Plaintiff is GRANTED leave to filed an amended complaint that includes **only** an Eighth Amendment claim for excessive force, a retaliation claim in which Plaintiff alleges chilling, and a prayer that requests damages;
5. Plaintiff shall file a Third Amended Complaint within thirty days of the date of service of this order;
6. The Clerk is directed to send plaintiff a Section 1983 complaint form; and
7. Plaintiff is forewarned that failure to comply with this order, including the limits on the Third Amended Complaint's contents, shall result in the dismissal of this action.

IT IS SO ORDERED.

**Dated:   August 2, 2008**          /s/ Anthony W. Ishii
                          CHIEF UNITED STATES DISTRICT JUDGE

5